```
United States District Court
Eastern District of New York
```

-----------------------------------X

Nadine Benjamin,

        Plaintiff,                    **Memorandum and Order**

  - against -                          No. 21-cv-2912 (KAM)

Martin O'Malley, *Commissioner of Social Security*,

        Defendant.

-----------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    Nadine Benjamin appeals the final decision of the Commissioner of the Social Security Administration[1] partially denying her Supplemental Security Income ("SSI") under the Social Security Act, 42 U.S.C. §§ 301–1397mm. (ECF No. 1, Compl.) The parties have cross-moved for judgment on the pleadings.[2] (ECF No. 14-1, Pl.'s Mem. Law Supp. Mot. J. Pleadings ("Pl.'s Mot."); ECF No. 15-1, Mem. Law Supp. Def.'s Cross-Mot. J. Pleadings & Opp'n Pl.'s Mot. J. Pleadings

---

[1] The Court has updated the caption to reflect the new Commissioner of Social Security, who took office after Benjamin commenced this action. *See* Fed. R. Civ. P. 25(d); *Pryor v. Berryhill*, 286 F. Supp. 3d 471 n.1 (E.D.N.Y. 2017).

[2] Social security appeals are generally resolved on motions for judgment on the pleadings. This is because judicial review of social security decisions is limited to "the pleadings and transcript of the record," *see* 42 U.S.C. § 405(g); *Kercado ex rel. J.T. v. Astrue*, No. 08-cv-478 (GWG), 2008 WL 5093381, at *2 (S.D.N.Y. Dec. 3, 2008), and the Commissioner's "answer may be limited to a certified copy of the administrative record," *see* Fed. R. Civ. P. Suppl. Soc. Sec. R. 4(b), as it was here, (*see* ECF No. 13, Admin. Tr.).

("Comm'r's Mot.").)  For the reasons below, the Court denies Benjamin's motion and grants the Commissioner's motion.

## Background

Benjamin applied for SSI on July 31, 2018, alleging disability since October 1, 2012, the year after she suffered a stroke.  (R.11, 41.)[3]  On the alleged onset date, Benjamin was forty-eight years old, had a high school education, and had worked as a home health aide.  (R.16, 166.)  The Commissioner denied her claim on November 14, 2018.  (R.11.)  Benjamin then requested a hearing before an administrative law judge ("ALJ"),[4] which occurred on December 17, 2019.  (Id.)  Benjamin submitted some medical records before the hearing and some after the hearing, but the ALJ considered all of them by the time he issued his written decision.  (Id.)  The hearing included testimony from Benjamin, who appeared in person with counsel, and a vocational expert.  (See R.34-50.)

On April 1, 2020, the ALJ issued a partially favorable written decision.  (R.7-22.)  The ALJ determined that Benjamin had not engaged in substantial gainful activity since she applied for SSI and that she had several medically determinable

---

[3] The Court cites to the Bates-stamped Administrative Transcript, (ECF No. 13), as (R.___.)
[4] The Social Security Act directs the Commissioner to make findings of fact and determine the rights of anyone who submits a claim for SSI.  42 U.S.C. §§ 1383(c)(1)(A).  The Commissioner has delegated that responsibility to ALJs.  See 20 C.F.R. §§ 416.1444-416.1461.  If an ALJ issues an adverse decision, the claimant may appeal it to the Social Security Appeals Council. 20 C.F.R. §§ 416.1467-416.1482.

impairments – including status post-stroke, vertigo, post-traumatic stress disorder, adjustment disorder with depressed mood, systemic lupus erythematosus, sickle cell trait, and epilepsy – that significantly limited her ability to perform basic work activities.  (R.13.)  The ALJ also found that Benjamin did not have an impairment or combination of impairments that automatically would qualify her as disabled under the applicable regulations regardless of her age, education, or work experience because her impairments did not meet the criteria stated in the relevant listings.  (R.14-15); *see* 20 C.F.R. § 416.925; 20 C.F.R. Part 404, Subpart P, App'x 1, Listings 11.02, 11.04, 12.04, 12.15, 14.02.

Next, the ALJ determined Benjamin had the residual functional capacity ("RFC") to perform "light work," limited to "simple tasks," with no exposure to unprotected heights or workplace hazards and no requirement to operate a motor vehicle.  (R.16.)  In support, the ALJ explained that although Benjamin's impairments reasonably could be expected to cause her alleged symptoms, Benjamin's testimony concerning the intensity, persistence, and limiting effects of those symptoms was "not fully supported."  (*Id.*)  The ALJ relied on several medical opinions in the record, including from treating providers Irina Litvin, D.O., and Robert Goodman, M.D., consultative examiners Tiffany Sylvestre, Psy.D., and Vinod Thukral, M.D., and state

3

agency non-examining medical consultants E. Kamin, Ph.D., and S. Ahmed, M.D..[5]  (R.18-19.)

Based on Benjamin's age, education, work experience, and RFC, the ALJ concluded Benjamin was unable to perform her past relevant work as a home health aide.  (R.20.)  With respect to the period before August 25, 2019, however, the ALJ found Benjamin was capable of performing other jobs that existed in significant numbers in the national economy.  (*Id.*) Specifically, the ALJ found Benjamin could have performed the assembler, cleaner, and marker jobs that the vocational expert stated at the hearing a hypothetical person with Benjamin's profile could perform.  (R.21, 47-48.)  The ALJ concluded that because Benjamin was capable of performing such jobs before August 25, 2019, she was not disabled and thus not entitled to SSI before that date.  (R.21-22.)

The ALJ found Benjamin became disabled on August 25, 2019, her fifty-fifth birthday, and thus was entitled to SSI from that day forward.  (*Id.*)  On that date, under Section 202.06 of the Medical-Vocational Guidelines, Benjamin's age category changed from "approaching advanced age" to "advanced age," which in turn affected the range of work the applicable regulations considered

---

[5] The Social Security Administration works with state governments to maintain disability claims processing systems.  20 C.F.R. § 416.1003.  State agencies generally make the initial "determinations of disability with respect to all persons in the State."  20 C.F.R. § 416.1013.

4

her able to perform.  (R.21); see 20 C.F.R. Part 404, Subpart P, App'x 2, Table No. 2.  Because Benjamin's impairments limited her to "light work," her education did not provide for entry into skilled work, and her prior work experience did not provide her transferable job skills, the regulations considered her not disabled before age fifty-five but disabled once she reached that age.  See 20 C.F.R. Part 404, Subpart P, App'x 2, Table No. 2.

The Appeals Council notified Benjamin by letter dated March 25, 2021, that it found no basis to change the ALJ's ruling, thus rendering the ALJ's decision the Commissioner's final decision.  (R.1); see 20 C.F.R. § 416.1481.  On May 24, 2021, Benjamin timely commenced this action against the Commissioner for judicial review of the Commissioner's final decision.  (See Compl.)

## Legal Standard

To receive SSI, a claimant must be "disabled" under the Social Security Act.  42 U.S.C. § 1382(a).  The claimant is "disabled" when he or she is unable to "engage in any substantial gainful activity" due to a "medically determinable physical or mental impairment" that could be expected to result in death or has lasted for a continuous period of at least

5

twelve months.  42 U.S.C. § 1382c(a)(3)(A).[6]  The impairment must be of "such severity" that the claimant cannot do his or her previous work or any other substantial gainful work that "exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).  In determining whether the claimant is disabled, the Commissioner must consider (1) the objective medical facts in the record; (2) diagnoses or medical opinions based on those facts; (3) subjective evidence of pain or disability; and (4) the claimant's education, age, and work experience.  *Duran v. Comm'r of Soc. Sec.*, 618 F. Supp. 3d 94, 97 (E.D.N.Y. 2022).

The Commissioner's regulations prescribe a five-step process for determining whether a claimant is disabled.  *See* 20 C.F.R. § 416.920.  The Commissioner determines whether (1) the claimant is working, (2) the claimant has a "severe impairment," (3) the impairment is one that requires a determination of disability under the applicable regulations, (4) the claimant can continue his or her prior work, and (5) other work exists in the national economy that the claimant can perform.  *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008).  To determine whether the claimant can do prior work or other work at the fourth or fifth steps, the Commissioner

---

[6] The statutory provisions governing Disability Insurance Benefits and SSI use the same standards to determine disability, *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003), so cases addressing disability as to one form of benefits are equally instructive as to the other, *Santoro v. Comm'r of Soc. Sec.*, No. 21-cv-2044 (KAM), 2023 WL 8177365, at *4 n.5 (E.D.N.Y. Nov. 27, 2023).

6

compares such work against the claimant's RFC. 20 C.F.R. § 416.920(a)(4)(iv)-(v). RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 416.945(a)(1).

The claimant has the burden of proof at the first four steps, and the Commissioner has the burden of proof at the fifth. *Colgan v. Kijakazi*, 22 F.4th 353, 358 (2d Cir. 2022). Because a hearing on disability benefits is an inquisitorial rather than adversarial proceeding, however, the ALJ has an affirmative obligation to develop the administrative record. *Hernandez v. Comm'r of Soc. Sec.*, No. 21-cv-5405 (WFK), 2023 WL 4209622, at *3 (E.D.N.Y. June 27, 2023).

If the Commissioner denies benefits, the claimant may seek judicial review of that decision by commencing a civil action in a federal district court. 42 U.S.C. §§ 405(g) (governing judicial review of Disability Insurance Benefits decisions), 1383(c)(3) (incorporating Section 405(g) as to SSI). The court may set aside the Commissioner's decision only if the Commissioner's factual findings are not supported by substantial evidence or the Commissioner's decision was based on a legal error. *Duran*, 618 F. Supp. 3d at 98. "Substantial" evidence means enough to reasonably support the Commissioner's decision. *Id.* Inquiry into "legal error" involves considering whether the claimant had a "full hearing under the [Commissioner's]

7

regulations and in accordance with the beneficent purposes of the [Social Security] Act." *Id.* (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)).

After reviewing the Commissioner's decision, the court may remand the case to the Commissioner for further proceedings. 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the administrative record or where the ALJ applied the wrong legal standard. *Oteze Fowlkes v. Adamec*, 432 F.3d 90, 98 (2d Cir. 2005). Remand is especially appropriate if more findings would clarify the rationale for the ALJ's decision. *Duran*, 618 F. Supp. 3d at 99. If the record shows persuasive proof of disability, however, the court may simply reverse the ALJ's decision and remand the case with an instruction to calculate and pay benefits. *Id.*

## Discussion

Benjamin urges the Court to vacate the Commissioner's decision (the Court presumes only to the extent it denied SSI for the period before August 25, 2019) on the grounds that the ALJ (1) failed to support his RFC determination with substantial evidence and (2) legally erred in evaluating the intensity, persistence, and limiting effects of her symptoms. (Pl.'s Mot. 1.)

The Court will not address Benjamin's argument that the ALJ failed to consider a hypothetical question her attorney asked

8

the vocational expert regarding what work would be available to her if she were off task fifteen percent of the workday.  (*See* ECF No. 18, Pl.'s Reply Mem. Law Supp. Mot. Summ. J. ("Pl.'s Reply"), at 2-3.)  Benjamin waived that argument by waiting until her reply brief to raise it.  *See Capers v. Comm'r of Soc. Sec.*, No. 18-cv-4579 (KAM), 2020 WL 4260996, at *4 n.7 (E.D.N.Y. July 24, 2020).

I. **Substantial Evidence**

Benjamin first argues that the ALJ failed to support his RFC determination with substantial evidence because he failed to account for Dr. Kamin's opinion regarding her mental health limitations.  (Pl.'s Mot. 7-9.)  The Court disagrees.  The substantial evidence standard is "not high."  *Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir. 2022) (quoting *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022)).  "Substantial" evidence means "more than a mere scintilla."  *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)).  An ALJ's finding is considered supported by substantial evidence if any reasonable factfinder could have made the same finding, even if substantial evidence also supports the claimant's position.  *Powell v. Saul*, No. 19-cv-2983 (KAM), 2021 WL 878771, at *4-5 (E.D.N.Y. Mar. 9, 2021).

A reasonable factfinder could have incorporated Dr. Kamin's

9

opinion into Benjamin's RFC the same way the ALJ did here. Dr. Kamin opined based on a review of Benjamin's medical records that she suffered no more than "moderate" limitations in any relevant functional area. (R.57); *see* 20 C.F.R. § 416.920a(c)(3) (listing the four areas). The ALJ found Dr. Kamin's opinion "persuasive" because it was supported by the medical evidence and consistent with the rest of the record. (R.19.) The ALJ adequately accounted for that opinion by limiting Benjamin's RFC to "simple tasks." (*See* R.16.) In *McIntyre v. Colvin*, 758 F.3d 146, 149-51 (2d Cir. 2014), for example, the Second Circuit concluded that an ALJ did not err in finding a claimant capable of "performing simple and some complex tasks" despite her "moderate" mental limitations. By limiting Benjamin only to "simple" tasks, the ALJ here took an even more cautious approach.

Benjamin's attempt to distinguish *McIntyre* is unavailing. In arguing that the ALJ in *McIntyre* limited the claimant to "simple, routine, low stress tasks" and not merely "simple tasks," Benjamin quotes the wrong part of the opinion. (*See* Pl.'s Reply 1-2.) The part Benjamin quotes concerns a hypothetical question the ALJ asked the vocational expert during the hearing. *McIntyre*, 758 F.3d at 152. The ALJ's *finding* was that "McIntyre [was] capable of . . . performing simple and some complex tasks." *Id.* at 149. Regardless, such hairsplitting

10

over the phrasing between "simple tasks" and "simple, routine, low stress tasks" cannot invalidate an ALJ's RFC determination that is otherwise supported by medial opinions describing only "moderate" mental limitations. *See, e.g.*, *Williams v. Colvin*, 98 F. Supp. 3d 614, 633 (W.D.N.Y. 2015) (finding RFC determination that claimant could "engage in simple tasks" to be "consistent with" medical opinions that claimant had "moderate" limitations in "concentration, persistence, and pace"). Finally, Benjamin's contention that there was "substantial medical evidence in the record that McIntyre did not have" moderate mental limitations, (Pl.'s Reply 1–2), is simply wrong. Nowhere in *McIntyre* did the Second Circuit suggest that the consultative examiner's statement that the claimant's attention and concentration were "intact" undermined the ALJ's finding that she had moderate limitations in maintaining concentration, persistence, and pace. *See McIntyre*, 758 F.3d at 150.

The Court finds that the ALJ appropriately accounted for Dr. Kamin's medical opinion and finds based on a review of the rest of the record that the ALJ's RFC determination was supported by substantial evidence.

## II. Evaluation of Benjamin's Symptoms

Benjamin next argues that the ALJ inadequately considered the intensity, persistence, and limiting effects of her symptoms. (Pl.'s Mot. 9–11.) Social Security Ruling 16-3p

11

governs how the Commissioner considers a claimant's symptoms. Soc. Sec. Ruling 16-3p: Titles II & XVI: Evaluation of Symptoms in Disability Claims, 2016 WL 1119029, at *2 (Mar. 16, 2016). First, the Commissioner considers whether an underlying medically determinable impairment reasonably could be expected to produce the claimant's symptoms. *Id.* If so, the Commissioner evaluates the intensity and persistence of those symptoms to determine the extent to which they limit the claimant's ability to work. *Id.* Ruling 16-3p lists several factors the Commissioner considers in that evaluation; however, if there is no information in the record regarding one of the factors, the Commissioner "will not discuss that specific factor in the determination of the decision because it is not relevant to the case." *Id.* at *7.

Benjamin contends that the ALJ inadequately addressed the second factor, "[t]he location, duration, frequency, and intensity of pain or other symptoms," because he did not "specifically address the medical evidence in [the] record" in determining whether Benjamin's vertigo, lupus, or seizures reasonably could be expected to produce pain or other symptoms. (Pl.'s Mot. 10.) That argument mischaracterizes the ALJ's decision. The ALJ clearly explained that the medical records showed Benjamin's symptoms from her "lupus . . ., vertigo, [and] seizure[s]" improved over time to the point that by April 2019,

12

Benjamin reported that "her symptoms did not limit her activities." (R.19–20.) The ALJ did not "reject" Benjamin's subjective testimony "in its entirety," (*see* Pl.'s Mot. 10), but rather considered her "statements about the intensity, persistence, and limiting effects of her symptoms" and found that the objective evidence did not show her symptoms limited her "to the extent [she] alleged," (*see* R.19). An ALJ need not "accept the claimant's subjective complaints without question." *See Blisko v. Comm'r of Soc. Sec.*, 378 F. Supp. 3d 140, 147 (E.D.N.Y. 2019) (quoting *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010)). The ALJ here properly weighed Benjamin's testimony against the rest of the record.

Benjamin also argues that the ALJ "failed to consider Dr. [Thukral's] opinion for limitations for standing, bending, pulling, pushing, lifting, carrying, and other such related activities." (Pl.'s Mot. 10.) Dr. Thukral opined that Benjamin had no more than "mild" limitations in any of these areas. (R.19.) The ALJ accounted for those limitations by restricting Benjamin's RFC to "light work." (*See* R.16); *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 229 (E.D.N.Y. 2021).

Finally, Benjamin argues the ALJ "disregarded" the fourth factor under Ruling 16-3p by "failing to consider how side effects from [Benjamin's] excessive assortment of medications may have reasonably produced pain and other disabling symptoms."

13

(Pl.'s Mot. 11.)  Benjamin barely discussed side effects from her medications at the ALJ hearing, (*see* R.42 (noting only that one of the medications she was prescribed "create[d] dizziness")), and her medical records show only that she did not always take her medications as prescribed, not that she suffered any specific side effects from them, (*see* R.330).  If she was suffering side effects, she had the burden to show at least some evidence that they existed.  *See Colgan v. Kijakazi*, 22 F.4th 353, 358 (2d Cir. 2022).  Further, as Ruling 16-3p explains, the ALJ need not discuss a factor if the record lacks evidence pertaining to it.  2016 WL 1119029, at *7.  The ALJ thus did not "disregard" medication side effects but rather was not required to discuss them because there was virtually no evidence of them in the record.

**Conclusion**

For the reasons stated above, the Court denies Benjamin's motion for judgment on the pleadings and grants the Commissioner's cross-motion for judgment on the pleadings.

The Clerk of Court is respectfully requested to amend the caption to reflect that Martin O'Malley is now the Commissioner, enter judgment for the Commissioner, and close this case.

**So ordered.**

Dated:     March 28, 2024
           Brooklyn, New York

                                        _____
                                        **Kiyo A. Matsumoto**
                                        United States District Judge
                                        Eastern District of New York